UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  06-60697-CIV-MORENO

DUPONT HOLLYWOOD LTD.,
PARTNERSHIP, a Massachusetts Limited
partnership; DUPONT HOLLYWOOD L.L.C.,
DUPONT FAMILY PROPERTIES L.L.C., and
DRIFTWOOD ON THE OCEAN CORP.,
General Partners,

    Plaintiffs,

vs.

CITY OF HOLLYWOOD, FLORIDA, a political
subdivision of the State of Florida,

    Defendant.
_____/

### ORDER REMANDING CASE TO STATE COURT

THIS CAUSE came before the Court upon Plaintiff's Motion for Remand **(D.E. No. 3)** filed on **June 16, 2006**.  For the reasons set forth below, it is ADJUDGED that Plaintiff's Motion for Remand is **GRANTED.**

### I.  BACKGROUND

Plaintiff owns oceanfront property in Hollywood upon which a motel is currently located. Plaintiff planned to redevelop its property and construct luxury condominiums.  In 2001, Plaintiff submitted its plans for redevelopment to Defendant, but was met with opposition from both the residents and the Association of the condominium development situated to the immediate south and west of Plaintiff's property, The Quadomain Towers Condominiums.  Defendant subsequently

enacted Ordinance PO-2002-15, drafted by Quadomain's counsel, reducing the height to which property owners could build in the specific area of the city where Plaintiff's property is located. The purpose of the Ordinance was to protect the ocean views of certain Quadomain unit owners. Plaintiff alleges that the Ordinance directly restricts and limits Plaintiff's use of its property for redevelopment.

On April 10, 2006 Plaintiff filed this suit against Defendant in the 17th Judicial Circuit in and for Broward County, Florida, alleging that Defendant's enactment of Ordinance PO-2002-15 violates Fla. Stat. § 70.001 ("Bert Harris Act") and infringes upon Plaintiff's due process and equal protection guarantees under both the Florida and United States Constitutions. FLA. CONST. art. I, §§ 2, 9; U.S. CONST. amend. XIV. In its Complaint, Plaintiff asks the Court for relief, including damages, attorney's fees, and declaratory relief under FLA. STAT. ch. 28, or in the alternative, for injunctive relief. On May 18, 2006 Defendant timely removed this action from state court to this Court. Subsequently, Plaintiff filed this Motion for Remand **(D.E. No. 3)** on **June 16, 2006**.

## II.  LEGAL STANDARD

The burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Courts should strictly construe the requirements of 28 U.S.C. §1441 (removal jurisdiction) and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Moreover, removal statutes are construed narrowly, and when the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

### III.  ANALYSIS

The issue presented here is whether it is appropriate to remand this case back to state court given that Plaintiff has alleged due process and equal protection violations under both the Florida *and* U.S. Constitutions.  Under 28 U.S.C. § 1331, the District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  Accordingly, Defendant maintains that because Plaintiff is seeking redress for alleged wrongs by Defendant pursuant to the U.S. Constitution, removal is appropriate under 28 U.S.C. § 1441.  However, although it is evident that this Court has jurisdiction over the federal law claims relating to the U.S. Constitution, this does not mean that federal jurisdiction is *appropriate* because "not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit." *Belair v. Lombardi*, 828 F.Supp 50, 51 (M.D. Ala.1993) (citing *Gully v. First National Bank in Meridian*, 299 U.S. 109 (1936)).  The federal law must be an essential element of the Plaintiff's cause of action.  *Belair*, 828 F.Supp. at 51.  As such, mere references to the federal Constitution are not sufficient to confer jurisdiction.  *Greater Jacksonville Transp. Co.* v. *The Jacksonville Port Auth.*, 12 F.Supp.2d 1311, 1314 (M.D. Fla. 1998).

The District Courts of the 11th Circuit are in agreement that although removal is proper where the real nature of the claim is federal, where Plaintiff has a choice of relying on state law and does so rely, removal is not warranted.  *Belair*, 828 F.Supp. at 52.  In *Belair*, the plaintiff alleged several claims for damages stemming from civil rights violations under both the Florida and U.S. Constitutions.  *Id.* at 51.  The court held that because the plaintiff had a choice of relying on state law for the relief which he sought, the federal claims were not an essential element of plaintiff's cause of action.  *Id.* at 52.  Although the court ultimately abstained for alternative reasons, the court discussed at length the appropriateness of remand in these situations.  *Id.* at 51-52.

Here, Plaintiff has alleged the same violations of due process and equal protection under both the United States and Florida Constitutions. Furthermore, the facts, burdens of proof, and analysis under both Constitutions are substantially similar. *See generally State v. Robinson*, 873 So. 2d 1205 (Fla. 2004) (applying one singular analysis for a due process violation under both the Florida and U.S. Constitutions). Accordingly, Plaintiff here has a choice of relying on state law for the relief which it seeks. Therefore, it follows that the federal claims are not an essential element of Plaintiff's cause of action. The Court is aware that the Federal Constitution will be present in this case when it is remanded to the state court, but the Court notes that mere presence is not sufficient to confer federal jurisdiction. *See Greater Jacksonville Transp. Co.*, 12 F.Supp.2d at 1315.

## CONCLUSION

ORDERED AND ADJUDGED that this Case be, and the same is, hereby REMANDED to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action.

DONE AND ORDERED in Chambers at Miami, Florida, this _16th__ day of October, 2006.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

-5-

Copies provided to:

Clerk of the Court for the 17th Judicial Circuit in and for Broward County, Florida

Glenn Neil Smith, Esq.
Robyn Lynn Libow, Esq.

Robert Matthew Oldershaw, Esq.